OPINION AND JOURNAL ENTRY
{¶ 1} Appellant Antonio Griffin has filed a timely motion to reopen his direct appeal. For the following reasons, the motion is denied.
 {¶ 2} Appellant was charged with attempted murder and a firearm specification after he shot Rocky DeFrank in May 1999. He entered into a plea agreement in October 1999 whereby he pled guilty to felonious assault with a firearm specification. Prior to sentencing he filed a motion to withdraw his guilty plea, which the trial court denied. The court then sentenced him to four years for felonious assault plus three years for the firearm specification. Thereafter, this court reversed the denial of appellant's motion to vacate his plea and remanded the case for further proceedings. State v. Griffin (Mar. 16, 2001), 7th Dist. No. 00 CA 17. Because the plea agreement was vacated, the original charge of attempted murder was revived. Appellant was found guilty as charged after a jury trial in August 2001. The court then sentenced him to ten years for attempted murder plus three years for the gun specification.
 {¶ 3} In the direct appeal of his conviction, appellant's counsel, who was different from trial counsel, filed two assignments of error. The first assignment alleged that the conviction was against the manifest weight of the evidence and also raised allegations that the evidence was insufficient to support the conviction. In making his arguments, appellant focused on the elements of the convicted offense along with the jury's failure to believe his affirmative defense of self-defense. The second assignment of error complained about the court answering a jury question dealing with the mental state required for attempted murder. This court also agreed to consider various arguments raised by appellant in letters to the court as part of the appellate brief on appeal. In his filings, appellant raised issues regarding the jury question and the judge's instruction. He also contended that he should have been tried for felonious assault rather than attempted murder.
 {¶ 4} On December 11, 2002, this court overruled appellant's arguments and affirmed his conviction. On February 20, 2003, appellant filed this timely application to reopen his appeal based upon ineffective assistance of appellate counsel under App.R. 26(B). Before discussing whether there is a genuine issue as to the effectiveness of appellate counsel, we must address the deficiencies in the application. First, the application fails to mention the trial court case number as is required by App.R. 26(B)(2)(a). Second, the application does not contain a sworn statement of the basis for the clam that appellate counsel's representation was deficient and the manner in which the deficiency prejudicially affected the outcome of the appeal. App.R. 26(B)(2)(d). In fact, appellant's application is less than one handwritten page containing merely three one-sentence issues which he claims his appellate counsel should have briefed. Even if we review the three issues presented, it is clear that appellant fails to raise a genuine issue as to whether he was deprived of effective assistance of appellate counsel.
 {¶ 5} In his first proposed assignment of error, appellant argues that appellate counsel should have appealed the trial court's failure to grant the motion for acquittal filed by trial counsel at page 507 in the trial transcript. At page 507, trial counsel moved for acquittal on the grounds that the state presented insufficient evidence to support the culpable mental state for attempted murder, i.e. purpose. The court denied the motion on the grounds that purpose could be reasonably inferred based upon use of a deadly weapon and multiple gunshots plus the testimony of three eyewitnesses who claimed the victim was unarmed and who described appellant's behavior. (Tr. 508-509). As the trial court stated, a person is presumed to intend with purpose the consequences of a voluntary act and such intent can be determined from surrounding facts and circumstances. State v. Carter (1995), 72 Ohio St.3d 545, 554.
 {¶ 6} Nonetheless, this argument was addressed and discarded in the prior direct appeal. Appellant should note that a motion for acquittal is based on the same grounds as an insufficiency argument.State v. Rhodes (Mar. 27, 2002), 7th Dist. No. 99BA62, at ¶ 9, citing Carter, 72 Ohio St.3d at 553. Both deal with whether the evidence was adequate as a matter of law. State v. Thompkins (1997),78 Ohio St.3d 380, 386. In determining this question of law, the evidence is viewed in the light most favorable to the state to determine whether any rational fact-finder could find the essential elements were proven beyond a reasonable doubt. State v. Goff (1998), 82 Ohio St.3d 123, 138.
 {¶ 7} In the direct appeal, this court explained: "Three witnesses testified that appellant exited the house with two rifles and shot the unarmed victim multiple times as appellant walked from the porch to the driveway. Two shell casings were found on the porch, and one was found in the driveway. The victim had three bullet entry wounds." Griffin, 7th Dist. No. 01 CA 151, at ¶ 19. In addressing sufficiency, we held: "Construing the evidence in the light most favorable to the state, a reasonable person could find that the state proved the elements of attempted murder beyond a reasonable doubt." Id. at ¶ 20. As such, there is no reason to reopen as to this issue.
 {¶ 8} In his second proposed assignment of error, appellant contends that appellate counsel should have appealed "the Issue about motion for a mistrial pg 787 volume IV of IV during deliberation that would of [sic] made a deffrent [sic] outcome in Appellant's Appeal." Page 787 contains trial counsel's arguments as to why the court should not answer the jury's question concerning the definition of purpose and the court's response. Both appellate counsel and appellant's pro se letter raised this issue concerning the court's response to the jury's question. We overruled both suggestions. Griffin, 7th Dist. No. 01 CA 151, at ¶ 35-39. In fact, we held, "the trial court's original attempt instruction which may have helped to implant the word `planned' into some juror's minds was not prejudicial to appellant but rather could have only helped him or added nothing at all. Even if the jurors were using planned as a synonym for the word purpose, removal of the word [in the court's answer] did not prejudice appellant as the word purpose was reinstructed and this remained as the jury's focal point." Id. at ¶ 39. We concluded that the court did not err in answering the jury's question. Id. As such, a mistrial should not have been granted. Thus, there is no reason to reopen on this issue concerning counsel's arguments at page 787 of the trial transcript.
 {¶ 9} Finally, appellant alleges that appellate counsel should have raised the issues surrounding his argument that he should have been tried for felonious assault rather than attempted murder. We addressed this argument in both of our prior opinions. In the first appeal, where we allowed appellant to withdraw his plea to felonious assault, we noted that the original charge was attempted murder and that the state would be restored to the position it had prior to the plea bargain. Griffin, 7th Dist. No. 00 CA 17. Moreover, in the second appeal, we specifically attempted to enlighten appellant as to why his arguments were misguided. We explained that one who is indicted for attempted murder, pleads to felonious assault, and then withdraws his plea cannot expect to be tried for the mere felonious assault charge which was only agreed to by the state in order to secure a plea of guilty. Griffin, 7th Dist. No. 00 CA 17, at ¶ 42. We clearly stated to appellant that when he withdrew his plea, he withdrew from the plea agreement, including all promises made by the state. Id. As appellant should have learned by now, being convicted of the original charge and receiving a greater sentence is a chance one takes when he seeks to withdraw from a plea agreement containing a state-amended lesser charge. Accordingly, there is no need to reopen on this issue.
 {¶ 10} For all of the foregoing reasons, appellant failed to present a genuine issue as to whether he received ineffective assistance of appellate counsel, including the failure to state how any alleged deficiencies prejudiced the outcome of the appeal. In accordance, this application to reopen is denied.
Vukovich, Donofrio and DeGenaro, JJ., concur.